## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS WELFARE FUND, )
AND TRUSTEES OF THE CHICAGO )
PAINTERS AND DECORATORS JOINT )
COOPERATION TRUST FUND, )
                                            ) No. 25-cv-2649
                          Plaintiffs, )
       v. )
                                            )
JC PRO INSTALLATIONS, INC., )
an Illinois corporation )
                           Defendant. )

## <u>COMPLAINT</u>

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Paul M. Egan, Grant R. Piechocinski, James R. Anderson, and Riley Wilkins and ARNOLD AND KADJAN LLP, complain against Defendant JC PRO INSTALLATIONS, INC., as follows:

### <u>COUNT I</u>

#### Jurisdiction and Venue

1.     Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

2.     The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

1

**The Parties**

3.     The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.     Defendant JC PRO INSTALLATIONS, INC. ("JC"), an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about June 1, 2018, whereby JC agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations.

**The Agreements**

7.     Pursuant to the provisions of the Labor Agreement, JC is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described

2

therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, JC is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, JC is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **JC** is in compliance with its obligation to contribute to the Funds.  In addition, the Labor Agreement and the Trust Agreements require JC to pay liquidated damages, interest, auditors' fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

9.      Plaintiffs obtained an audit of JC, which demonstrates that **JC** has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all contributions owed to Plaintiffs on specified due dates for the period of June 1, 2018 through February 28, 2022, resulting in $4,014.63 due to Plaintiffs in contributions, liquidated damages and auditors' fees.

10.     Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **JC**.

11.     JC is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

12.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i)      interest on the unpaid contributions; or

(ii)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     That judgment be entered in favor of Plaintiffs and against JC in the amount of $4,014.63 for the period of June 1, 2018 through February 28, 2022;

B.     That this Court enjoin JC from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and **JC** be ordered to resume making those payments;

C.     That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 15%, and interest, all as provided in the applicable agreements and ERISA Section 502(g)(2); and

D.     This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

13.     Plaintiffs reallege and incorporate paragraphs 1-12 as if restated fully herein.

14.     Upon information and belief, Plaintiffs are advised that JC has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all of the required benefits for the period of March 1, 2022 to the present.

15.     To determine the extent of Defendant's liability, Plaintiffs require a fringe benefit contribution compliance audit of Defendant's books and records for the period of March 1, 2022 to the present.

16.     Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from JC.

17.     JC is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

18.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

        (i)     interest on the unpaid contributions; or

        (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, Plaintiffs pray for relief as follows:

A.     This Court order JC to submit all necessary books and records to Plaintiff's auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of March 1, 2022 through the present;

B.     That judgment be entered in favor of Plaintiffs and against Defendant in the amount shown to be due on the audit;

C.     Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2); and

5

D.   This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS WELFARE FUND, et al.,**

By: /s/ Grant R. Piechocinski_____
  One of their Attorneys

PAUL M. EGAN
GRANT R. PIECHOCINSKI
JAMES R. ANDERSON
RILEY WILKINS
ARNOLD AND KADJAN LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415

6